IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE VILLA-YANEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv340 |
| STEVE MORRIS | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Petitioner Jose Villa-Yanez, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. A report was entered by the magistrate judge recommending the above-styled petition be dismissed.

      The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes petitioner's objections are without merit.

      Although petitioner's *Blakely/Booker* argument was foreclosed by Fifth Circuit precedent at the time of his trial and section 2255 motion, such a claim does not implicate his conviction for a substantive offense.  Moreover, *Booker* does not apply retroactively to cases on collateral review. *United States v. Booker*, ___ U.S. ___, ___,125 S.Ct. 738, 769 (2005) (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on direct review" ) (emphasis added).  *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir.2005) (citing cases) (holding that *Booker* is not applicable to cases already

final). That petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

### O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the 19 day of **July, 2005.**

_____
Thad Heartfield
United States District Judge